UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREDDIE WILSON,

     Petitioner,

v.                                                          Case No. 4:19cv295-MW-HTC

KEETON CORRECTIONS
INSTITUTE,

     Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Freddie Wilson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. ECF Doc. 1. The case has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the petition, the undersigned concludes Wilson is not entitled to relief under § 2241 and the petition should be dismissed for lack of jurisdiction.

I.     Background

Wilson is serving a 102-month sentence imposed by the U.S. District Court for the Middle District of Florida. *See United States v. Wilson*, 788 F.3d 1298, 1304 (11th Cir. 2015). He was convicted of six (6) counts of theft of government funds, five (5) counts of aggravated identity theft, one (1) count of conducting an unlawful

monetary transaction and one (1) count of obstructing a criminal investigation.  *See id.*  Wilson is currently confined in Tallahassee, Florida, at a halfway house operated by Keeton Corrections, Inc.

In this § 2241 habeas petition, Wilson challenges his convictions and sentence on three (3) grounds.  First, he argues "[t]he 50 victims enhancement and more than $400,000 in loss is unwarranted."  ECF Doc. 1 at 3, 7-9; *see also Wilson*, 788 F.3d at 1308 (Wilson's "Presentence Investigation Report (PSI) included a 4-level increase to Wilson's offense level under U.S.S.G. § 2B1.1(b)(2)(B) because his offenses involved more than 50 victims.  The PSI also included a 14-level increase under U.S.S.G. § 2B1.1(b)(1)(H) because the total estimated loss caused by Wilson's crimes exceeded $400,000.").  Wilson suggests the sentencing court improperly considered uncharged conduct when calculating his sentence.

Second, Wilson asserts there was insufficient evidence to support his convictions for aggravated identity theft.  ECF Doc. 1 at 3, 10-14.  He argues the Eleventh Circuit ignored *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), by not requiring the Government to prove every element of aggravated identity theft.  *Id.*  He also alleges his appellate counsel was ineffective for failing to bring *Flores-Figueroa* to the Eleventh Circuit's attention.  ECF Doc. 1 at 12-13.

Lastly, Wilson claims he should have received credit against the loss calculation used at sentencing because on November 1, 2013, "Bank of America returned $89,000 to the IRS."  ECF Doc. 1 at 4, 15-16.

As relief, Wilson asks the Court to reverse his convictions for aggravated identity theft and theft of government funds.[1]  ECF Doc. 1 at 13-14, 23.  He also asks the Court to reduce his sentence to reflect what he alleges is the proper sentencing guidelines calculation.  ECF Doc. 1 at 8, 15.

II.     Discussion

Generally, the sole issue in a § 2241 action is the execution or carrying out of an initially valid confinement; attacks on the validity of a conviction or sentence must be asserted on direct review or in a motion filed under 28 U.S.C. § 2255.  *See United States v. Hayman*, 342 U.S. 205 (1952); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id.* § 2241, to collaterally attack the legality of his sentence.").  "A motion to vacate allows a prisoner to contest his sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

---

[1] Wilson claims the theft of government funds convictions should be reversed because they were "grouped and paired" with the aggravated identity theft convictions.  ECF Doc. 1 at 13-14.

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *McCarthan*, 851 F.3d at 1081 (quoting 28 U.S.C. § 2255(a)). The "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 if he establishes the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also McCarthan*, 851 F.3d at 1081. "The applicability of the saving[] clause is a threshold jurisdictional issue . . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).

In *McCarthan*, the Eleventh Circuit overruled prior circuit precedent and established a new test for determining when a prisoner can proceed under § 2241. 851 F.3d at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *Id.* at 1099. The new *McCarthan* test has been summarized as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple

sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1085-93).

Wilson does not satisfy the *McCarthan* test for proceeding under the saving clause. Wilson's challenges to the sufficiency of the evidence, the calculation of the sentencing guidelines or the performance of appellate counsel could be raised in a direct appeal or § 2255 motion to vacate. Indeed, Wilson raised these arguments in his direct appeal, *Wilson*, 788 F.3d at 1308-11 ("Wilson contends that the evidence at trial was insufficient to support his convictions for theft of government funds, aggravated identity theft, and obstruction of a criminal investigation."); *id.* at 1317 ("Wilson argues the district court erred by including uncharged tax-refund checks in its loss calculation and considering each name as a victim on the charged and uncharged checks."), and the § 2255 motion he filed in the Middle District of Florida, *see United States v. Wilson*, Case No. 8:15cv2801-SCB-TGW, ECF Doc. 47 (M.D. Fla. July 11, 2016) ("In Ground Two, Petitioner challenges this Court's calculation of the loss amount at sentencing, the application of the Sentencing Guidelines, and the amount of restitution." "[I]n Ground Four Petitioner asserts that he is actually innocent of the aggravated identity theft counts."). Thus, Wilson has not shown a § 2255 motion is inadequate or ineffective to test the legality of his detention.

Furthermore, Wilson has also attempted to raise these arguments in a prior §
2241 petition. *See Wilson v. Clay*, Case No. 1:17cv488-KOB-SGC, ECF Doc. 1
(N.D. Ala. Mar. 29, 2017). The district court dismissed the petition for lack of
jurisdiction and that dismissal was affirmed on appeal. *See Wilson v. Warden*, 719
F. App'x 981 (11th Cir. 2018) (affirming district court's dismissal of Wilson's § 2241
petition for lack of jurisdiction because his arguments—"that his counsel on direct
appeal was ineffective and that his sentence is unlawful"—"alleged grounds for
relief that he could have raised—and, in fact, did raise—in a motion to vacate his
sentence under section 2255(a)."). The fact Wilson has previously had the same
claims dismissed for lack of jurisdiction provides an independent basis for dismissal.
*See Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) ("Although the dismissal of a
complaint for lack of jurisdiction does not adjudicate the merit so as to make the
case res judicata on the substance of the asserted claim, it does adjudicate the court's
jurisdiction, and a second complaint cannot command a second consideration of the
same jurisdictional claims.") (citations omitted). Because Wilson does not meet the
*McCarthan* test for proceeding under the saving clause and, alternatively, because
he has attempted to raise the same claims in a previously-filed § 2241 habeas
petition, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF Doc. 1) be DISMISSED.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of July, 2019.


*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.